IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION

| | |
|---|---|
| DOORAGE, INC., § | |
| Plaintiff, § | |
| § | |
| VS. § | CASE NO. 1:20-cv-421 |
| § | |
| BLUE CRATES, LLC § | |
| Defendants. § | JURY DEMAND |

**PLAINTIFF, DOORAGE INC.'S ORIGINAL COMPLAINT,
REQUEST FOR INJUNCTION AND JURY DEMAND**

**A.  PARTIES**

1. Plaintiff, DOORAGE, INC. (referred to herein as "DOORAGE" or "Plaintiff"), is a corporation that is organized under the law of the State of Illinois, whose principal place of business is 751 Lively Boulevard, Elk Grove Village, Illinois 60007.

2. Defendant, BLUE CRATES, LLC (referred to herein as "BLUE CRATES" or "Defendant"), is incorporated under the laws of the State of Illinois. Defendant has its principal place of business in the State of Illinois located at 159 North Sangamon, Suite 200, Chicago, Illinois 60607. Defendant may be served with process by serving its Registered Agent, United States Corporation Agent at 500 North Michigan Avenue, Suite 600, Chicago, Illinois 60611.

**B.  JURISDICTION**

3. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1338 because the suit arises under in infringement action under the U.S. Copyright Act to which federal courts have exclusive jurisdiction.

4. Diversity jurisdiction under 28 U.S.C. §1332 does not apply such that all parties are citizens of the State of Illinois.

**C.  VENUE**

5. Venue is proper in this district under 28 U.S.C. §1400(a) because all parties and BLUE CRATES' Registered Agent reside in this district. In addition, Defendant has committed acts of infringement and has a regular and established place of business in this district under 28 U.S.C. §1400(b).

**D.  CONDITIONS PRECEDENT**

6. All conditions precedent have been performed or have occurred. DOORAGE first published the copyrighted materials at issue on February 19, 2018.

7. DOORAGE applied for and DOORAGE subsequently received Certificates of Registrations from the U.S. Copyright Office for its copyrights in November and December 2019 (see specific dates in Section E below).

8. Defendant, BLUE CRATES has infringed on DOORAGE's protected copyrights since at least July 2019 (*i.e.,* the date DOORAGE first discovered BLUE CRATES infringement of DOORAGE's copyrights).

9. DOORAGE has expressly requested that BLUE CRATES cease and desist infringing of DOORAGE's copyrights.

10. BLUE CRATES has repeatedly refused to discontinue its acts of infringing (*i.e.,* piracy) of DOORAGE's copyrights.

### E. COUNT 1 – COPYRIGHT INFRINGEMENT

11. DOORAGE, a United States entity, is an owner of three separately registered copyrights. The United States Register of Copyrights has issued a Certificate of Registration for each of the following copyrights belonging to DOORAGE, further identified as follows:

(a) U.S. Copyright Office's Registration Number PA 2-215-296, entitled: *DoorageSocial_2_Retrieval_w/Audio – Sweet Feature #84: Super Easy Retrieval*; first published February 19, 2018; Effective Date of Registration: September 30, 2019; Registration Decision Date: December 05, 2019 (*see* attached Exhibit A).

(b) U.S. Copyright Office's Registration Number PA 2-212-277, entitled: *Sweet Feature #138: Super Easy Storage - Doorage*; first published February 19, 2018; Effective Date of Registration: September 10, 2019; Registration Decision Date: November 18, 2019 (*see* attached Exhibit B).

(c) U.S. Copyright Office's Registration Number PA 2-212-376, entitled: (Intro: *"We All Have Stuff...;"* first published February 19, 2018; first published February 19, 2018; Effective Date of Registration: September 10, 2019; Registration Decision Date: November 19, 2019 (*see* attached Exhibit C).

The actual copyrighted videos referenced by Doorage's Exhibits A, B and C are collectively referred as "Marketing Videos," and made a part of this Complaint for all purposes. (A digital version of DOORAGE's Marketing Videos will be supplemented.)

12. DOORAGE's Marketing Videos were compiled solely and exclusively for DOORAGE's use in marketing of DOORAGE's business operations; specifically, DOORAGE's original on-line advertisement for the purpose of sales and marketing of DOORAGE's unique off-site-storage business.

13. DOORAGE's Marketing Videos are and have been copyrighted under the laws of the United States (*see* 17 U.S.C. § 101, *et. seq.*).

14. DOORAGE has complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et seq.*, and with all other laws governing copyrights.

15. Since the effective dates of DOORAGE's copyrights, DOORAGE has been the sole proprietor of all rights, title, and interest in and to the copyrights assigned to the Marketing Videos.

16. DOORAGE has not issued any licenses or sublicenses to any individual or entity with regard to the Marketing Videos. *See* 17 U.S.C. § 106.

17. After February 19, 2018 (*i.e.,* "Date First Use"), and the respective "Effective Dates of Registration" for the three videos comprising DOORAGE's Marketing Video (*see* Exhibits A, B and C), BLUE CRATES has infringed on DOORAGE's copyrights by its use, publishing, printing, and placing on the market an on-line advertisement for BLUE CRATES' business promotion and benefit (hereinafter referred to "BLUE CRATES' Advertisement" a copy of which will be supplemented as an electronic digital filing). *See* 17 U.S.C. § 501.

18. BLUE CRATES' Advertisement was copied largely, if not entirely, from DOORAGE's Marketing Videos (*see* respective "Date of First Use" and "Effective Date of Registration" for Doorage's Copyrights as noted above in paragraph 11 (a), (b) and (c); *also see* attached Exhibits A, B and C).

19. BLUE CRATES willfully infringed on DOORAGE's copyrights through its use, publishing, printing, and placing on the market BLUE CRATES' Advertisement.

20. DOORAGE notified BLUE CRATES through several means of communication of its violations in the use, publishing, printing, and placing on the market BLUE CRATES' Advertisement, including Cease & Desist correspondence, dated August 20, 2019 and August 21, 2019 (*see* Letters from Sharon K. Jackson, Attorney for DOORAGE, to BLUE CRATES attached hereto as Exhibits D and E, respectively, and incorporated herein for all purposes).

21. Sean Sandona, Owner of Doorage, Inc., contacted Michael Walker, Owner of Blue Crates, via telephone and email on various dates with the demand to cease and desist us of Doorage's copyrighted property.

22. On August 28, 2019, Michael Walker, Owner of Blue Crates, left a voicemail message for Sean Sandona, Owner of Blue Crates, acknowledging receipt of the August 20, 2019 Cease & Desist letter from Sharon K. Jackson, Attorney for Doorage, and advised that he did not intend to take down the infringed marketing materials.

23. BLUE CRATES admitted and acknowledged its use of DOORAGE's Marketing Videos and copyrights through BLUE CRATES' Advertisement.

24. As of the date of this filing, BLUE CRATES has not made any efforts to cease infringing and/or remove or otherwise "take down" the marketing video from BLUE CRATES' website.

25. BLUE CRATES has and continues to infringe on DOORAGE's copyrights and Marketing Videos through BLUE CRATES' use, publishing, printing, and placing on the market BLUE CRATES' Advertisement.

26. At the time of filing this Complaint, BLUE CRATES continues to willfully and purposefully utilize DOORAGE's copyrights and Marketing Videos for BLUE CRATES' own business promotion and benefit and to the detriment and disparagement of DOORAGE's business and profitability.

**F.  COUNT 2 – UNFAIR TRADE PRACTICES & UNFAIR COMPETITION**

27. BLUE CRATES is a direct competitor with DOORAGE's consumer market and customer base.

28. Since DOORAGE's Cease & Desist Letter dated August 20, 2019, and continuously since that date, BLUE CRATES has been willfully and intentionally used, published, printed, and/or utilized DOORAGE's Marketing Videos for the promotion and benefit of BLUE CRATES' storage business.

29. BLUE CRATES has willfully engaged in unfair trade practices and unfair competition against DOORAGE.

30. This conduct has caused DOORAGE irreparable injury.

**G.  COUNT 3 – REQUEST FOR PRELIMINARY INJUNCTION**

31. DOORAGE seeks to enjoin BLUE CRATES and its agents, employees, and representatives from using, publishing, printing, and/or utilizing in any manner DOORAGE's Marketing Videos and copyrights, including any copyright titles, references, animations, figures, illustrations, audio, names, and registration numbers of DOORAGE's copyrights in accordance with 17 U.S.C. § 502.

32. There is a substantial likelihood that DOORAGE will prevail on the merits.

(a) DOORAGE owns the copyrights made the basis of its Marketing Videos.

(b) DOORAGE has invested the time and expense to protect its Marketing Videos.

(c) BLUE CRATES willfully continues using, publishing, printing, and/or utilizing DOORAGE's Marketing Video for its own beneficial purposes and to the detriment of DOORAGE's business.

(d) DOORAGE has made numerous attempts to resolve this matter with BLUE CRATES; however, BLUE CRATES refuses to cease and desist infringing of DOORAGE's Marketing Videos.

33. If the Court does not grant a preliminary injunction, BLUE CRATES will continue its activities of infringing DOORAGE's Marketing Videos by continuing to use,

publish, print, and/or utilize DOORAGE'S Marketing Videos for its own beneficial purposes and to the detriment of DOORAGE's business.

34. DOORAGE will likely suffer irreparable injury if the Court does not enjoin BLUE CRATES from using, publishing, printing, and/or utilizing in any manner DOORAGE's Marketing Videos because BLUE CRATES will likely continue using, publishing, printing, and/or utilizing to BLUE CRATES' own benefit and profit and to the detriment of DOORAGE's business, which business cannot be retrieved.

35. BLUE CRATES will not suffer undue hardship or loss as a result of the issuance of a preliminary injunction since BLUE CRATES did not invest time or expense in securing copyrights or compiling BLUE CRATES' Advertisement.

36. DOORAGE continues to suffer hardship and loss of business due to BLUE CRATES' infringement and piracy of DOORAGE's Marketing Videos for BLUE CRATES' own use and benefit.

37. Issuance of a preliminary injunction would not adversely affect the public interest. In fact, by enjoining BLUE CRATES from using, publishing, printing, and/or utilizing DOORAGE's Marketing Videos will effectively circumvent the intended purpose of the Copyright Act by allowing any business to arbitrarily and willfully infringe upon the protected property of another. *See* U.S. Copyright Act of 1976; *see also*, 17 U.S.C. § 106.

38. DOORAGE asks the Court to set this request for preliminary injunction for hearing at the earliest possible time and after hearing the request, to issue a preliminary injunction against the BLUE CRATES with regard to its using, publishing, printing, and/or utilizing in any manner DOORAGE's Marketing Videos.

### H. *COUNT 4 – SEIZURE OF ARTICLES*

39. DOORAGE has asked BLUE CRATES to immediately suspend retention and destruction policies for all documents, electronically-stored information, and tangible things and preservation of same (*see* attached Exhibit F, Retention Letter from Sharon K. Jackson, Attorney for DOORAGE, sent to BLUE CRATES, dated January 17, 2020, and made a part hereof for all purposes).

40. BLUE CRATES' Advertisement is the same or substantially similar to DOORAGE's Marketing Video.

41. DOORAGE asks the Court to issue a writ of seizure against BLUE CRATES' infringing of DOORAGE's Marketing Videos and copyrights.

42. DOORAGE will likely suffer irreparable injury if the Court does not order the seizure of BLUE CRATES' infringing on DOORAGE's Marketing Videos because the Marketing Videos are an effective means of advertising the storage business.

43. The Marketing Videos obviously and effectively promotes BLUE CRATES' business or BLUE CRATES would have agreed to cease using, publishing, printing, and/or

utilizing the Marketing Videos to promote BLUE CRATES' storage business when DOORAGE requested BLUE CRATES to do so.

44. DOORAGE is prepared to prosecute this suit promptly.

45. DOORAGE is prepared to return BLUE CRATES' tangible, intangible, property if it is not found to be infringing.

46. DOORAGE is prepared to pay any damages awarded by the Court if the seizure is ultimately found to be improper.

47. DOORAGE is prepared to post bond.

### I. DAMAGES

48. As a direct and proximate result of BLUE CRATES' conduct, DOORAGE suffered the following damages:

 (a) Actual damages

 (b) Lost profits.

 (c) Statutory damages.

 (d) Statutory damages for willful infringement.

### J. ATTORNEY FEES & COSTS

49. DOORAGE is entitled to an award of attorney fees and costs under 17 U.S.C. § 505 as a prevailing party.

### K. PRAYER

50. For these reasons, Plaintiff, DOORAGE INC., asks for judgment against Defendant, BLUE CRATES for the following:

 (a) BLUE CRATES pays DOORAGE the sum of $1,000,000 for actual damages, plus the amount of BLUE CRATES' profits attributable to the infringement, or in the alternative, BLUE CRATES pay DOORAGE statutory damages, as authorized by 17 U.S.C. § 504(c).

 (b) BLUE CRATES pays DOORAGE prejudgment and post-judgment interest, as authorized by law.

 (c) BLUE CRATES pays DOORAGE $50,000.00 as reasonable attorney fees and court costs.

 (d) BLUE CRATES and its agents and representatives be enjoined during and after this suit from infringing DOORAGE's Marketing Videos and copyrights in any manner through the use, publishing, printing, selling, marketing, or otherwise

disposing of any copies of DOORAGE's Marketing Video and copyrights (identified herein as BLUE CRATES' Advertisement).

(e) BLUE CRATES delivers to be impounded during this suit, all printed and electronic copies of DOORAGE's Marketing Video and copyrights (identified herein as BLUE CRATES' Advertisement) in its possession or control and deliver for destruction all infringing copies and all electronic files, and other matter for making infringing copies of DOORAGE's copyrights.

(f) BLUE CRATES pay DOORAGE additional damages for willfully infringing DOORAGE's Marketing Videos and copyrights as authorized by 17 U.S.C. § 504(c)(2).

(g) DOORAGE INC. receives all other relief the Court deems appropriate.

Respectfully submitted,

**BARBER JACKSON, PLLC**

By: _____
**SHARON K. JACKSON**
Federal Bar No. 24043986 (Texas SBN)

2014 Bissonnet Street
Houston, Texas 77005
Telephone: 713/542-7491
Facsimile: 281/238-5968
Email: sjackson@barber-jackson.com

*ATTORNEY FOR PLAINTIFF,*
*DOORAGE INC.*

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff, DOORAGE INC., asserts its rights under the Seventh Amendment to the U.S. Constitution and demands in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

_____
**SHARON K. JACKSON**
*Attorney for Plaintiff, Doorage Inc.*