IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOORAGE, INC., § | | |
| Plaintiff, § | | |
| § | | |
| VS. § | | CASE NO. 1:20-CV-421 |
| § | | |
| BLUE CRATES, LLC § | | |
| Defendant. § | | JUDGE GARY FEINERMAN |

**PLAINTIFF, DOORAGE INC.'S
REVISED MOTION FOR INJUNCTIVE RELIEF**

Plaintiff, DOORAGE, INC., by and through its attorneys of record, files its Revised Motion for a Injunctive Relief, and in support of this Motion, shows unto the Court as follows:

*A.* **FACTS**

1. On January 19, 2020, Plaintiff, DOORAGE, INC., filed the instant case alleging copyright infringement against Defendant, BLUE CRATES (see Docket Entry #1).

2. On February 5, 2020, Defendant, BLUE CRATES, LLC, was served with the Original Complaint by and through its Registered Agent (see Docket Entry #15).

3. On February 18, 2020, Crum & Forster (BLUE CRATES insurance carrier) took on the coverage of this claim under BLUE CRATES' policy and subsequently, hired the law firm of Maron Marvel to appear as counsel for BLUE CRATES (*see* Docket Entry #10).

4. On June 4, 2020, BLUE CRATES filed its Answer to DOORAGE's Original Complaint (see Docket Entry #32). The parties have litigated this case aggressively for 10 months.

5. On October 14, 2020, Crum & Forster filed Case No. 1:20-cv-06106; *Crum & Forster vs. Blue Crates*, in the United States District Court for the Northern District of Illinois, in

which Crum & Forster has now denied coverage of BLUE CRATES for DOORAGE's copyright infringement case.

6. On October 21, 2020, Maron Marvel withdrew as counsel for BLUE CRATES in this case.

7. BLUE CRATES is now faced with two (2) federal lawsuits. BLUE CRATES does not have insurance coverage for its attorney fees, judgment for damages, or other losses at this time and may not have coverage in the future.

8. There is a substantial likelihood that DOORAGE will prevail on the merits of this case based on the evidence produced to date, including BLUE CRATES production of documents related to the copying of DOORAGE's copyright-protected Marketing Videos.

9. In January 2020, BLUE CRATES had approximately $300,000 in its cash holdings. This amount may be the only monetary means of recovery for DOORAGE.

10. BLUE CRATES likely has other assets used in the operation of its moving and storage business, including trucks, furniture, desks, trucks, moving and storage equipment, computers, among other items.

11. BLUE CRATES has a number of customers with current accounts.

12. BLUE CRATES has a Manager, RICHFIELD HOLDINGS, which is owned by the same owners of BLUE CRATES, Michael Walker and Matthew Walker. (See Blue Crates' Answer to Interrogatory No. 16, attached hereto as Exhibit A).

## II. REQUEST FOR INJUNCTIVE RELIEF

13. Plaintiff, DOORAGE, INC., will likely suffer irreparable injury if Defendant, BLUE CRATES, does not cease and/or refrain from making any withdraw, transfer, transmit or otherwise make any debt transactions in association with any and all of BLUE CRATES'

financial assets, investments, holdings, bank accounts related to BLUE CRATES and/or its Manager, RICHFIELD HOLDINGS.

14. In addition, DOORAGE will likely suffer irreparable injury if BLUE CRATES is not prohibited or refrained from discussing, telling, advising, or notifying its customers or the public of this lawsuit or the impact this litigation may have with regard to BLUE CRATES' operations, business, insolvency, bankruptcy, or other termination of the customers' contracts with BLUE CRATES.

15. In addition, DOORAGE will likely suffer irreparable injury if BLUE CRATES does not refrain from notifying its customers of any impact this lawsuit will have with regard to BLUE CRATES' business, pending bankruptcy, insolvency or other information that may impact the customers' contracts with BLUE CRATES.

16. Further, DOORAGE will likely suffer irreparable injury in the industry and to its reputation and business, if BLUE CRATES is not prohibited from communicating any negative or disparaging information related to DOORAGE to BLUE CRATES' customers, potential customers, or to the public in general, by or through any means, including BLUE CRATES' website and/or social media for BLUE CRATES, Michael Walker and Matthew Walker regarding anything relating to this lawsuit, DOORAGE's business and/or DOORAGE's owner, Sean Sandona.

17. The harm faced by DOORAGE outweighs the harm that would be sustained by BLUE CRATES (if the preliminary injunction were granted) in that DOORAGE would have filed a lawsuit, litigated the case (including legal fees, costs and expenses) and risk no recovery because BLUE CRATES will eventually become insolvent and file bankruptcy. At that point,

there is no adequate remedy at law under which DOORAGE will recover adequate damages, legal fees, costs and sanctions awarded.

18. Issuance of a preliminary injunction would not adversely affect the public interest as the issues involve private details, financials and business operations.

19. DOORAGE is willing to post a bond in the amount deemed appropriate by the Court.

20. DOORAGE asks the Court to grant its Motion for Injunction Relief *without hearing* due to the likelihood of harm to DOORAGE if BLUE CRATES is given time to transfer or withdraw finances, assets, and/or otherwise disparage DOORAGE's business and/or its owner, Sean Sandona, to its customers, potential customers, and/or to the public in general.

21. In the alternative, DOORAGE asks the Court to set its Motion for Injunctive Relief for hearing at the earliest possible time and, after hearing, to issue a preliminary injunction against Defendant, BLUE CRATES and after hearing, issue a permanent injunction against BLUE CRATES.

**III. PRAYER**

22. For these reasons, Plaintiff, DOORAGE, INC., asks the Court to do the following:

a. Order that BLUE CRATES immediately cease and/or refrain from making any withdraw, transfer, transmit or otherwise make any debt transactions in association with any and all of BLUE CRATES' financial assets, investments, holdings, bank accounts related to BLUE CRATES and/or its Manager, RICHFIELD HOLDINGS.

b. Order that BLUE CRATES is immediately prohibited or refrained from discussing, telling, advising, or notifying its customers or the public of this lawsuit or the impact this litigation may have with regard to BLUE CRATES' operations, business,

insolvency, bankruptcy, or other termination of the customers' contracts with BLUE CRATES.

c. Order that BLUE CRATES is immediately refrained from notifying its customers of any impact this lawsuit will have with regard to BLUE CRATES' business, pending bankruptcy, insolvency or other information that may impact the customers' contracts with BLUE CRATES.

d. Order that BLUE CRATES is prohibited from communicating any negative BLUE CRATES' customers, potential customers, or to the public in general, by or through any means, including BLUE CRATES' website and/or social media for BLUE CRATES, Michael Walker and Matthew Walker regarding anything relating to this lawsuit, DOORAGE's business and/or DOORAGE's owner, Sean Sandona.

e. Grant any other relief it deems appropriate.

          Respectfully submitted,

By:   */s/ Sharon K. Jackson*
**SHARON K. JACKSON**
Federal Bar No. 24043986 (Texas SBN)
12210 Clearfork Drive
Houston, Texas 77077
Telephone: 713/542-7491
Email: Sharon@JacksonAttorney.net
***ATTORNEYS FOR PLAINTIFF,***
***DOORAGE INC.***

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Plaintiff, Doorage, Inc.'s, Revised Motion for Injunctive Relief was electronically filed with the Clerk of Court using the CM/ECF system and served upon Defendant, BLUE CRATES, by and through its office address:

Blue Crates, LLC  (*via CMRRR 7017 1000 0000 6190 3216*)
159 Sangamo, Suite200
Chicago, IL 60607


Dated: 26th day of October, 2020

                                              */s/ Sharon K. Jackson*  \\
                                              **SHARON K. JACKSON**
                                              *Attorney for Plaintiff, Doorage, Inc.*